# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| LISA ALISON MCDOUGAL and PATRICIA GEARY OVERMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAKE COUNTY, NORTH CAROLINA, <br><br> Defendants. | **Case No. 5:23-cv-689** <br><br> **CLASS ACTION AND INDIVIDUAL COMPLAINT** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

COME NOW Plaintiffs Lisa Alison McDougall ("Lisa") and Patricia Geary Overman ("Patti"), by and through their undersigned counsel, individually and as representatives of the Failure to Promote Class and Unequal Pay Class[1] described more fully herein (collectively "Plaintiffs"), and bring this action against Defendant Wake County, North Carolina ("Wake County"), alleging as follows:

## INTRODUCTION

1.      By at least September 2002, when Lisa began her employment with Defendant Wake County to work as a medic at its Department of Emergency Medical Services ("Wake EMS") as a medic, Defendant Wake County, through its managers working at Wake EMS, had created a male-led, male-favored, female-suppressing

---

[1] The Failure to Promote Class and Unequal Pay Class are collectively referred to herein as "the Classes."

environment at Wake EMS and has encouraged and supported that environment ever since.

2.     This action seeks to redress the culture of gender discrimination that has permeated Wake EMS for over 20 years.  This discrimination, which Patti has also experienced since she became employed by Defendant Wake County as a Wake EMS medic in 2006, has manifested in (a) regular, gender-based derogatory comments, (b) discriminatory failures to promote female employees, (c) denials of equal pay to female employees and (d) retaliation for reporting these sexist activities.  The culture was initiated, participated in, ratified, propagated and condoned by Defendant Wake County through its managers at Wake EMS.

3.     Because of the centralized practice of discrimination against female Defendant Wake County employees working at Wake EMS as medics, Lisa and Patti are bringing this action individually, but also as a class action under Fed. R. Civ. P. 23, on behalf of other similarly situated female Defendant Wake County employees.

4.     Lisa and Patti are seeking compensatory and punitive damages on behalf of themselves and the Failure to Promote Class of which they are a part for Defendant Wake County's continued denial of promotions to female Defendant Wake County employees working at Wake EMS as medics in favor of males in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  They are also seeking compensatory damages on behalf of themselves and the Unequal Pay Class for Defendant Wake County's failure to pay female Defendant Wake County employees working at Wake EMS as medics the same as

males with similar qualifications in similar roles in violation of the Equal Pay Act of 1963 ("Equal Pay Act").

**PARTIES**

5.    **Plaintiff Lisa Alison McDougall** ("Lisa") is a citizen and resident of the State of North Carolina, who was at all relevant times a certified Emergency Medical Technician ("EMT") employed by Defendant Wake County, North Carolina, to work for Wake EMS.  In the two years prior to this litigation, Lisa has been paid less than other similarly qualified male employees in similar roles. Moreover, beginning in the fall of 2010, Lisa has been denied promotions in favor of less-qualified males.

6.    **Plaintiff Patricia Geary Overman** ("Patti") is a citizen and resident of the State of North Carolina, who was at all relevant times a certified EMT employed by Defendant Wake County, North Carolina, to work for Wake EMS.  In the two years prior to this litigation, Patti has been paid less than other similarly qualified male employees in similar roles. Moreover, beginning in 2015, Patti has been denied promotions in favor of less-qualified males.

7.    Female Defendant Wake County employees who work at or who have worked at Wake EMS since the fall of 2010, and have applied for promotions and been denied in favor of less-qualified male applications due to the calculated efforts by Defendant Wake County managers to prevent female employees from moving up from their relegated positions.  These women, many of whom at this time are unknown and therefore unnamed, have been and continue to suffer the damages claimed herein.  These

women will be identified as this class action progresses and are members of the Failure to Promote Class, defined below, whom this action seeks to protect.

8.    Female Defendant Wake County employees who work or have worked at Wake EMS as medics have received lesser pay than male employees with similar qualifications in similar roles.  These women, many of whom at this time are unknown and therefore unnamed, have been and continue to suffer the damages claimed herein.  They will be identified as this class action progresses and are members of the Unequal Pay Class, defined below, whom this action seeks to protect.

9.    Lisa and Patti are members of the Failure to Promote and Unequal Pay Classes.

10.   **Defendant Wake County, North Carolina ("Wake County")** is a political division created and organized under Chapter 153A of the North Carolina General Statutes.

11.   Wake EMS is the department of Defendant Wake County responsible for providing paramedic level emergency medical services throughout Defendant Wake County.

12.   Defendant Wake County was the employer of Lisa, Patti, the Failure to Promote Class members, the Unequal Pay Class members and the Defendant Wake County managers discussed herein, as that term is defined in 42 U.S.C. § 2000e.

## JURISDICTION, VENUE AND CONDITIONS PRECEDENT

13.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is an action based on violations of Title VII and the Equal Pay

4

Act.

14.     Defendant Wake County is subject to the personal jurisdiction of this Court as a local unit of government in the State of North Carolina operating within the jurisdictional district of this Court.

15.     Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant Wake County is a political subdivision located in this judicial district. Moreover, all the conduct that is the subject of this lawsuit occurred within this judicial district.

16.     Lisa timely filed a Charge of Discrimination with the EEOC, individually and on behalf of similarly situated employees – specifically female medics at Wake EMS – against Defendant Wake County, on or about July 5, 2022 (Charge No. 430-2022-02448). She amended her charge on October 7, 2022.

17.     Patti timely filed a Charge of Discrimination with the EEOC, individually and on behalf of similarly situated employees – specifically female medics at Wake EMS – against Defendant Wake County, on or about August 25, 2022 (Charge No. 430-2022-03063). She amended her charge on October 7, 2022.

18.     On September 1, 2023, the EEOC issued Lisa a Notice of Right to Sue.

19.     On November 27, 2023, the EEOC issued Patti a Notice of Right to Sue.

20.     This lawsuit is filed within all applicable statutes of limitation and statutes of repose, and Plaintiffs have exhausted their administrative remedies as required under applicable law.

## CLASS ALLEGATIONS

21. Since at least September 2002, when Lisa became employed by Defendant Wake County to work at Wake EMS as a medic, Wake EMS has been largely led by male Defendant Wake County employees.

22. Since that time, this leadership has worked tirelessly to remain largely male and to suppress female employees from entering their ranks. Even in 2023, the "Senior Leadership" of Wake EMS listed on Wake EMS' website is a list of seven men. *See* https://www.wake.gov/departments-government/emergency-medical-services-ems/about-us/contacts-leadership-administration.

23. Since 2002, female employees of Defendant Wake County working as medics at Wake EMS – including Lisa, Patti and members of the Classes – have regularly been the subject of gender-based derogatory comments.

24. Also, over those approximately two decades, female employees of Defendant Wake County working at Wake EMS – including Lisa and Patti and the Failure to Promote Class of which they are a part – have routinely and systematically been denied promotions for which they were qualified in favor of males who were typically less qualified.

25. Defendant Wake County managers working at Wake EMS actively denied female Defendant Wake County employee medics promotions by not granting interviews to female applicants, selecting an interview panel that did not include female Defendant Wake County employees and/or not selecting female applicants in favor of less qualified male applicants.

26.     The pattern and practice of denying promotions to female medics at Wake EMS in favor of less qualified males and the actions that regularly took place to enforce that regime were so pervasive over time that it essentially became Wake EMS policy before or by the fall of 2010 – the first date Lisa was denied a promotion in favor of a less-qualified male.

27.     In fact, the continued and regular denial of promotions to female Defendant Wake County employees working as medics at Wake EMS had become the rule with rare exception before or by the fall of 2010.  Thus, female Defendant Wake County employees working as medics at Wake EMS – including Lisa, Patti and the other Failure to Promote Class members – were caused to believe that promotion was not possible for female medics, which delayed and/or deterred their efforts to seek promotion.

28.     This effective policy and resulting delayed or deterred efforts of female Defendant Wake County employees – including Lisa, Patti and the other Failure to Promote Class members – to even seek promotion has caused these women economic losses because they have not achieved the increased salaries of the denied promotions.

29.     The practice of detaining female at Wake EMS in low-level positions was system-wide, and it was coupled with an equally demeaning practice of paying female medics at Wake EMS less than their male counterparts working in similar roles.

30.      Indeed, in the two years prior to the filing of this Complaint, Lisa, Patti and the other Unequal Pay Class members have regularly and consistently been paid less than male employees doing similar work and in similar roles.

31.     Like the calculated efforts to deny promotion to female Defendant Wake County employees working at Wake EMS as medics, there have been deliberate efforts by Defendant Wake County managers to cause female medics at Wake EMS to be paid less than male employees with similar qualifications in similar positions. Those efforts include denying them promotions, rating them at levels that would not permit merit-based increases and outright paying them less than similarly qualified males in similar roles because of the pattern and practice of demeaning female medics at Wake EMS based on their gender.

32.     Defendant Wake County had and has active and/or constructive knowledge of the discrimination based on gender of its female employees working at Wake EMS as medics.  Not only were these actions open, obvious and part of the settled culture at Wake EMS, but Defendant Wake County managers at Wake EMS also made the decisions to promote less-qualified male medics over female medics and to pay females at Wake EMS less than males doing similar work and in similar roles.

33.     Through its manager employees at Wake EMS, Defendant Wake County created the male-centered, female-suppressing environment at Wake EMS that regularly included gender-based derogatory comments toward, failures to promote and disparate pay of female Defendant Wake County employees working at Wake EMS. It also participated in it, ratified it, propagated it and condoned it.

34.     When Lisa and Patti complained of the widespread discrimination on the basis of gender occurring at Wake EMS – including gender-based derogatory comments directed to, denied promotion and/or disparate pay of female medics at Wake EMS – they

were retaliated against through negative actions by male Defendant Wake County employees in managerial roles at Wake EMS.

35.     Defendant Wake County's failure to promote Lisa, Patti and the other Failure to Promote Class members since the fall of 2010, has caused them each to suffer lost wages, as well as mental and emotional distress and other damages allowable under Title VII.

36.     Defendant Wake County's failure over the two years prior to the filing of the Complaint to pay Lisa, Patti and the other Unequal Pay Class members equal pay to male employees in similar roles and doing similar work has caused them each lost wages and other damages allowable under the Unequal Pay Act.

37.     As a direct result of the retaliation they have experienced for reporting this discriminatory conduct based on sex, Lisa and Patti have suffered additional lost wages and benefits, emotional distress, reputational damages and other damages allowable under Title VII.

## CLASS ALLEGATIONS
### Definition of the Classes

38.     The allegations of paragraphs 1 through 37 are realleged and incorporated by reference as if fully set forth herein.

39.      This action is brought by the Failure to Promote and Unequal Pay Classes defined below as well as Lisa and Patti, who are each members of both Classes.

40.     The Failure to Promote Class is defined as all current or former female Defendant Wake County employees working or who have worked as medics at Wake EMS who have been denied Wake EMS promotions since the fall of 2010.

41.     The Unequal Pay Class is defined as all current or former female Defendant Wake County employees working or who have worked at Wake EMS as medics who have been paid less for their work at Wake EMS than male employees doing similar work and in similar roles since November 30, 2021.

## The Class Representatives

Failure to Promote Class

42.     Lisa is a member and representative of the Failure to Promote Class.  She is similarly situated to all members of the Failure to Promote Class with respect to the issues presented in this case as follows:

   a)     She has been employed by Defendant Wake County as a medic at Wake EMS since September 2002;

   b)     In the fall of 2010, she was denied a promotion in favor of a less-qualified male;

   c)     Since the fall of 2010, she has continued to apply for and been denied promotions in favor of less qualified males applying for the same role; and

   d)     As a direct and proximate result, she has suffered the damages described herein.

43. Patti is a member and representative of the Failure to Promote Class. She is similarly situated to all members of the Failure to Promote Class with respect to the issues presented in this case as follows:

a) She has been employed by Defendant Wake County as a medic at Wake EMS since 2006;

b) Beginning in 2015, she was denied a promotion in favor of a less qualified male;

c) Since 2018, she has continued to apply for and been denied promotions in favor of less qualified males applying for the same role; and

d) As a direct and proximate result, she has suffered the damages described herein.

44. If Defendant Wake County harmed Lisa and/or Patti, they harmed the Failure to Promote Class in a common fashion.

<u>Unequal Pay</u>

45. Lisa is a member and representative of the Unequal Pay Class. She is similarly situated to all members of the Unequal Pay Class with respect to the issues presented in this case as follows:

a) She has been employed as a medic by Defendant Wake County at Wake EMS since September 2002;

b) In the two years prior to the filing of this Complaint, she has received lesser pay than male Defendant Wake County employees at Wake EMS with similar qualifications in similar roles; and

c) As a direct and proximate result, she has suffered the damages described herein.

46. Patti is a member and representative of the Unequal Pay Class. She is similarly situated to all members of the Unequal Pay Class with respect to the issues presented in this case as follows:

a) She has been employed by Defendant Wake County at Wake EMS since 2006, as a medic;

b) During her employment, she has received lesser pay than male Defendant Wake County employees at Wake EMS with similar qualifications in similar roles; and

c) As a direct and proximate result, she has suffered the damages described herein.

47. If Defendant Wake County harmed Lisa and Patti, it harmed the Unequal Pay Class in a common fashion.

**Numerosity**

48. Given the pervasive, longstanding practice and *de facto* policy of failing to promote female Defendant Wake County employees working as medics at Wake EMS in favor of less-qualified males and the 15-year period at issue (2008 to 2023), the number

of Failure to Promote Class members, including Lisa and Patti, is likely over 100 members. This is too many to make joinder practicable.

49. The Unequal Pay Class includes every single female Wake County employee working or who has worked at Wake EMS as a medic who has been paid less for her work at Wake EMS than male employee(s) doing similar work and in similar roles since November 30, 2021. Because gender discrimination and specifically the failure to equally pay female Defendant Wake County employees working at Wake EMS as medics is so engrained in the fabric of Wake EMS, it is likely that many if not all of the female Defendant Wake County employees working as medics at Wake EMS fall into this category. As such, the Unequal Pay Class is likely over 100 members and also too numerous to make joinder practicable.

**Questions of Law and Fact Common to the Classes**

50. The following questions of law and fact are the same for all Failure to Promote Class members, including Lisa and Patti:

    a)    Whether Defendant Wake County has an over 20-year, centralized practice of failing to promote female employees working as medics at Wake EMS in favor of less-qualified male employees to the extent that it was consistent, repetitive and became the effective policy of Defendant Wake County at Wake EMS on or before the fall of 2010;

    b)    The number of males versus females in Defendant Wake County leadership since 2002 by year;

c) Statistics regarding genders of medic applicants for promotion at Wake EMS since the fall of 2010:

d) Statistics regarding genders of medics promoted at Wake EMS since the fall of 2010:

e) Whether Defendant Wake County actually or constructively knew that female Defendant Wake County employees working as medics at Wake EMS were regularly, consistently and systematically being denied promotions in favor of less qualified males;

f) Whether the Defendant Wake County managers participated in willful or wanton conduct by practicing the conscious and intentional disregard of and indifference to the rights and safety of others which they knew or should know is reasonably likely to result in injury, damage or other harm such that punitive damages are appropriate under North Carolina law; and

g) The amount of punitive damages.

51. Thus, the overwhelming majority of questions for each Failure to Promote Class member, including Lisa and Patti, are common to the entire Failure to Promote Class.

52. The following questions of law and fact are the same for all Unequal Pay Class members, including Lisa and Patti:

a)  The salaries of each Defendant Wake County employee working at Wake EMS as a medic in the two years prior to the filing of this Complaint;

b)  The gender of each Defendant Wake County employee working at Wake EMS as a medic prior to the filing of this Complaint;

c)  Whether Defendant Wake County had a centralized pattern or practice of paying female medics less than their male counterparts;

d)  Based on the foregoing, whether the Unequal Pay Class members were paid less than male Defendant Wake EMS employees doing similar work or in similar roles in violation of the Equal Pay Act;

e)  Whether Defendant Wake County actually or constructively knew that female Defendant Wake County employees working as medics were making less than male employees doing similar work or in similar roles;

f)  Whether the Defendant Wake County managers participated in willful or wanton conduct by practicing the conscious and intentional disregard of and indifference to the rights and safety of others which they knew or should know is reasonably likely to result in injury, damage or other harm such that punitive damages are appropriate under North Carolina law; and

g)  The amount of punitive damages.

53.     Thus, like the Failure to Promote Class, the overwhelming majority of questions for each Unequal Pay Class member, including Lisa and Patti, are common to the entire Unequal Pay Class.

**Typicality**

54.     The claims and defenses of Lisa, Patti and the Failure to Promote Class members are typical of the entire class.  Lisa, Patti and the other Failure to Pay Class members are all Defendant Wake County employees who have worked or do work at Wake EMS as medics that applied for promotions but were passed over for such promotions in favor of less qualified males.

55.     Each Failure to Promote Class member is claiming violations of Title VII, and that such violations were part of a centralized practice at Wake EMS of denying females promotions in favor of less-qualified males.

56.     Similarly, the claims and defenses of Lisa, Patti and the Unequal Pay Class members are typical of the entire class.  Lisa, Patti and the other Failure to Pay Class members are all Defendant Wake County employees who have worked or do work at Wake EMS as medics and who claim that they have been passed over for promotions in favor of less qualified males.

57.     Each Unequal Pay Class member is claiming violations of the Equal Pay Act, and that such violations were part of a centralized practice at Wake EMS of paying females less than their male counterparts.

## Adequate Representation

58.     Lisa and Patti are members of the Failure to Promote Class, have no conflict of interest with any member of that Class and, therefore, will fairly and adequately protect the interests of the Class, which will serve their own interests as members of the Class.

59.     Similarly, Lisa and Patti are members of the Failure to Promote Class, have no conflict of interest with any member of that Class and, therefore, will fairly and adequately protect the interests of the Class, which will serve their own interests as members of the Class.

60.     Furthermore, Lisa and Patti have retained experienced and qualified counsel to represent them, the Failure to Promote and Unequal Pay Classes.

61.     Specifically, Plaintiffs' counsel Kristen L. Beightol has been licensed to practice law in North Carolina since 2001 and in Georgia since 2007.  She has extensive experience pursuing complex litigation matters in North Carolina, Georgia and in other states around the nation in state and federal court, including experience in employment and class action litigation.

62.     Catharine E. Edwards, also counsel for Plaintiffs, has been licensed to practice law since 2009.  She is licensed to practice law in Virginia, District of Columbia, California and North Carolina.  She has extensive experience pursuing complex litigation matters in state and federal courts around the nation, including class action litigation. Employment litigation in federal court has long been a focus of her practice.

## COUNT I
### Failure to Promote on the Basis of Gender
### Title VII, 42 U.S.C. § 2000e-2(a)
### (By Lisa and Patti, on behalf of themselves and the Failure to Promote Class)

63.     The allegations of paragraphs 1 through 62 are realleged and incorporated by reference as if fully set forth herein.

64.     For at least the duration of Lisa's employment – 2002 to the present – and Patti's employment – 2006 to present – Defendant Wake County managerial employees at Wake EMS had a pattern and practice of denying female Defendant Wake County employees working at Wake EMS as medics promotions in favor of less-qualified males.

65.     This pattern and practice was so pervasive by the fall of 2010 that it had essentially become a policy of Defendant Wake County.

66.     This policy actually delayed and/or deterred female Defendant Wake County employees working at Wake EMS from even applying for promotions, including Lisa and Patti, knowing the high likelihood that they would be passed over for less-qualified males.

67.     Lisa, Patti and the other Failure to Promote Class Members are or were female employees of Defendant Wake County working at Wake EMS as medics between the fall of 2010 and the date of the filing of this litigation.

68.     Between the fall of 2010 and the present, the Failure to Promote Class Members, including Lisa and Patti, applied for one or more promotions and were denied in favor of less-qualified males.

69.     As an example, Lisa was first denied a promotion in favor of a less-qualified male in the fall of 2010. She has been repeatedly denied further promotions since that time, also in favor of less-qualified males.

70.     Similarly, Lisa was first denied a promotion in favor of a less-qualified male in 2018 and has been repeatedly denied further promotions since in favor of less-qualified males.

71.     Defendant Wake County had actual and/or constructive knowledge that Wake EMS was regularly and systematically passing over female Defendant Wake County employees working at Wake EMS as medics for promotions in favor of less-qualified males by the fall of 2010.

72.     Indeed, Defendant Wake County, through its managers, initiated the practice of denying promotions to female Defendant Wake County employees working at Wake EMS as medics in favor of less-qualified males at least nearing 20 years ago and, since, has participated in, ratified, propagated and condoned such reprehensible conduct.

73.     As a direct and proximate result of this *de facto* policy, Failure to Promote Class members, including Lisa and Patti, have suffered economic losses, emotional distress, reputational harm and other damages.

74.     The Failure to Promote Class members, including Lisa and Patti, are entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, compensatory damages, punitive damages, reasonable costs and attorney's fees under 42 U.S.C. § 2000e-5(k) and other appropriate relief.

## COUNT II
## Violations of the Equal Pay Act
### (By Lisa and Patti, on behalf of themselves and the Unequal Pay Class)

75. The allegations of paragraphs 1 through 74 are realleged and incorporated by reference as if fully set forth herein.

76. In the two years prior to the filing of the Complaint, Defendant Wake County paid Lisa, Patti and the other Unequal Pay Class members less than similarly qualified male employees in similar roles.

77. Defendant Wake County had actual and/or constructive knowledge that it was paying its female employees working at Wake EMS as medics less than male employees with similar qualification in similar roles.

78. As a direct and proximate result of this *de facto* policy, the Unequal Pay Class members, including Lisa and Patti, have suffered economic and other damages.

79. Lisa, Patti and Unequal Pay Class members, including Lisa and Patti, are entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including the difference between what they were paid and what their male colleague with similar qualifications and in a similar role was paid during the two-year period preceding the filing of the Complaint, liquidated damages in the amount of the backpay award, attorney's fees and costs and other appropriate relief.

## COUNT III
## Retaliation
### (Lisa and Patti)

80. The allegations of paragraphs 1 through 79 are realleged and incorporated by reference as if fully set forth herein.

81.     Plaintiffs engaged in a protected activity when they complained regarding their disparate treatment based on gender by either complaining after the fall of 2010, that female Defendant Wake County employees working at Wake EMS as medics were being denied promotions in favor of less-qualified males in the case of the Failure to Promote Class, including Lisa and Patti, and/or in the two years prior to the filing of this Complaint that female Defendant Wake County employees were making less than male employees with similar qualifications in similar roles in the case of the Unequal Pay Class, including Lisa and Patti.

82.     After the foregoing complaints were made, adverse actions were taken against Plaintiffs by Defendant Wake County managers at Wake EMS.

83.     There is a causal connection between Plaintiffs' protected activities and the materially adverse actions by Defendant Wake County.

84.     There is no legitimate non-retaliatory reason for Defendant Wake County, through its managers at Wake EMS, to have taken its retaliatory actions against Plaintiffs.

85.     Defendant Wake County's actions through its managers at Wake EMS were willful and taken with deliberate disregard for the rights of Plaintiffs.

86.     As a direct and proximate result of Defendant Wake County's wrongful acts and omissions, Plaintiffs suffered economic damages, mental anguish, emotional distress, humiliation, embarrassment and damage to their professional reputation and career.

87.     Lisa and Patti are entitled to recover all legal and equitable remedies available for violations of Title VII, including back pay, front pay, compensatory

damages, punitive damages, reasonable costs and attorney's fees under 42 U.S.C. § 2000e-5(k) and other appropriate relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

1.　　That this action be certified as a class action pursuant to Fed. R. Civ. P. 23;

2.　　That Lisa, Patti and the Failure to Promote Class members recover back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs on Count I (Failure to Promote - Title VII);

3.　　That Lisa, Patti and the Unequal Pay Class members recover the difference between what they were paid and what their male colleague(s) performing similar work and/or in a similar role was paid during the two-year period preceding the filing of the Complaint, liquidated damages in the amount of the backpay award and attorney's fees and costs on Count II (Equal Pay Act).

4.　　That Lisa, and Patti recover back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs on Count III (Retaliation - Title VII);

5.　　That Plaintiffs be awarded punitive damages;

6.　　That Plaintiffs be awarded attorneys' fees and costs of this action;

7.　　That Plaintiffs be awarded prejudgment interest on the damages, attorneys' fees and costs of this action to be taxed to Defendant Wake County as of the date of the filing of this Complaint; and

8.　　That Plaintiffs be awarded such other and further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury with respect to each claim in this Complaint.


This the 30th day of November, 2023.     Respectfully submitted,

**EDWARDS BEIGHTOL, LLC**

 /s/ Catharine E. Edwards
Catharine E. Edwards
N.C. State Bar No. 52705
Kristen L. Beightol
N.C. State Bar No. 27709
P.O. Box 6759
Raleigh, NC 27628
Phone: (919) 636-5100
cee@eblaw.com
klb@eblaw.com