IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-689-D-KS

| | |
|---|---|
| LISA ALISON MCDOUGAL and PATRICIA GEARY OVERMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAKE COUNTY, NORTH CAROLINA, <br><br> Defendant. | **ORDER** |

This matter is before the court on Defendant's Motion to Bifurcate Discovery [DE #28]. Plaintiffs have responded in opposition [DE #31], and the motion is ripe for adjudication. For the reasons stated below, Defendant's motion is denied.

## BACKGROUND

Plaintiffs are medics employed by Wake County's Department of Emergency Medical Services. They filed this action on November 30, 2023 (Compl. [DE #1]) and filed an amended complaint on February 26, 2024 (Am. Compl. [DE #14]). They sue, on behalf of themselves and similarly situated individuals, asserting employment discrimination claims against Wake County. On September 5, 2024, the court entered an order granting in part and denying in part Defendant's partial motion to dismiss. (9/5/24 Order [DE #21].) In this order, the court dismissed certain claims and

identified the following claims as remaining: (1) Plaintiffs' timely Title VII failure-to-promote sex discrimination claims;[1] and (2) Plaintiffs' timely Title VII retaliation claims.[2] The viability of any purported class claims is not addressed in the court's order as no motion for class certification has been filed.

On December 5, 2024, the parties filed a joint Rule 26(f) report noting differing positions as to the procedures for discovery. Defendant requested that discovery be bifurcated, with the first phase of "[d]iscovery limited to the merits of the claims asserted by the named Plaintiffs McDougal[ ] and Overman" and class-action discovery being conducted in the second phase, after the court's ruling on any dispositive motions and an additional Rule 26(f) conference to formulate a final discovery plan. (Jt. Rule 26(f) Report [DE #26] at 2.) Plaintiffs, on the other hand, requested that discovery be conducted in a single phase. (*Id.* at 3.) Alternatively, Plaintiffs suggested that class discovery be completed prior to merits discovery. (*Id.*) On December 12, 2024, the court entered a Scheduling Order setting forth a single phase of discovery and requiring completion of all discovery by October 31, 2025. (Scheduling Order [DE #27] at 1.)

---

[1] The court dismissed Plaintiffs' claims of sex discrimination based upon failure to promote Plaintiff McDougal prior to January 6, 2022, and Plaintiff Overman prior to February 26, 2022.

[2] As to Plaintiffs' retaliation claims, the court found timely Plaintiff McDougal's claim concerning her April 2022 non-promotion to Chief Operating Officer and Plaintiff Overman's claim concerning her non-promotion on July 12, 2022, February 6, 2023, March 13, 2023, and May 27, 2023.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure vests the court "with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also* Fed. R. Civ. P. 42(b) (authorizing bifurcation of claims). Whether to bifurcate discovery is a matter that rests squarely within the court's discretion. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) ("The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery."). However, "bifurcation of discovery is the exception, rather than the rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." *Cent. Transp. Int'l v. Gen. Elec. Co.*, No. 3:08-CV-136-C, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008). "As the party seeking to limit discovery, [Defendant has] the burden of demonstrating that good cause exists for bifurcation." *Bilek v. Fed. Ins. Co.*, 344 F.R.D. 484, 488–89 (N.D. Ill. 2023) (quoting *Lucas v. Vee Pak, Inc.*, No. 12 C 9672, 2014 WL 12932245, at *1 (N.D. Ill. Nov. 13, 2014)).

The bifurcation Defendant requests is not the type ordinarily seen in class action cases. Defendant is not proposing to delay merits discovery until after class certification discovery has been completed and the court has ruled on any concomitant motion. Instead, Defendant asks that discovery first be conducted only on the merits of Plaintiffs' individual claims and that any other discovery be delayed until after the parties brief and the court rules on summary judgment motions related to Plaintiffs' individual claims. (Def.'s Mot. Bifurcate [DE #28] at 2.) After that,

3

Defendant proposes, the parties will confer and submit a new discovery plan to address any class certification discovery, and presumably the filing of any class certification motion. (*Id.*) While not clear from Defendant's motion, Plaintiffs argue that Defendant is actually requesting trifurcated discovery: "individual merits discovery (followed by a summary judgment motion); class certification discovery (followed by a class certification motion); then, and only then, class-based merits discovery." (Pls.' Resp. Opp'n Mot. Bifurcate [DE #31] at 4.)

Defendant has not shown good cause for bifurcation. Nor has Defendant proffered any reason to warrant modification of the court's order establishing procedures for discovery in this case. Defendant maintains that bifurcated discovery will help in "determining if Plaintiffs are adequate [Rule 23] class representatives . . . thereby potentially eliminating the need to litigate the class certification issue altogether." (Def.'s Mem. Supp. Mot. Bifurcation [DE #29] at 4.) However, this case has been pending more than a year, and Defendant's proposed method of bifurcation would delay any class certification ruling. *Cf.* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action."). It may also prevent Plaintiffs from obtaining information necessary to rebut any class certification challenges by Defendant. The court finds that bifurcation would not serve the interests of efficiency and judicial economy, especially given the interrelation between Plaintiffs' individual claims and the purported class claims as

4

well as the procedural posture of the case. Accordingly, the court denies Defendant's motion to bifurcate discovery.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Bifurcate Discovery [DE #28] is DENIED.

This 3rd day of April 2025.

KIMBERLY A. SWANK
United States Magistrate Judge